UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BABCOCK & CLIFFTON SOUZA,<br><br>Plaintiffs,<br><br>v.<br><br>YUBA COUNTY CHILD PROTECTIVE SERVICES, et al.,<br><br>Defendants. | No. 2:16-cv-750-JAM-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Sarah Babcock and Cliffton Souza, who proceed in this action without counsel, requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, plaintiffs allege that defendants Erin English and Thomas English, private citizens, took pictures of plaintiffs' 2-year-old son "naked in his privacy fenced back yard" and turned the pictures over to defendant Yuba County Child Protective Services, which thereafter, with the assistance of defendant Yuba County Sheriff's Department, removed plaintiffs' children on March 19, 2015, purportedly due to the photos and allegedly false accusations. At a subsequent juvenile court hearing, defendant Judge Debra Givens allegedly found plaintiffs' mental disabilities to be a reason to refuse reunification services with the children. According to

2

plaintiffs, Judge Givens further stated that plaintiffs do not deserve their children and that drug addicts would be better parents. Plaintiffs' complaint asserts claims for violation of their civil rights pursuant to 42 U.S.C. § 1983, disability discrimination, and various other claims based on criminal law. Plaintiffs seek the following relief: (1) immediate return of plaintiffs' children; (2) the prosecution of child endangerment and child pornography charges; and (3) a restraining order against all parties, presumably to prevent further interference with the parent-child relationship. (See ECF Nos. 1, 1-1.)

As an initial matter, the court notes that plaintiffs, as private citizens, do not have standing to prosecute any criminal claims, or to compel the prosecution of criminal charges by virtue of a civil action. Criminal charges may only be brought by an appropriate prosecutorial authority, such as a district attorney's office, in its discretion.

Furthermore, with respect to plaintiffs' requests for injunctive relief (return of plaintiffs' children and a restraining order), the court finds that it would be inappropriate for a federal court to interfere in this family law matter. See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute). As the Ninth Circuit Court of Appeals noted in Coats:

> This case, while raising constitutional issues, is at its core a child custody dispute. The state courts have already considered the merits of Coats' claims and have held that her former husband is entitled to custody. The district court was aptly reluctant to put itself in the position of having to review the state courts' custody decision. If the constitutional claims in the case have independent merit, the state courts are competent to hear them. Given the state courts' strong interest in domestic relations, we do not consider that the district court abused its discretion when it invoked the doctrine of abstention.

Coats, 819 F.2d at 237. For those same reasons, abstention is appropriate in this case.

Although the court is not unsympathetic to plaintiffs' obvious concerns about the removal of their children, plaintiffs' proper recourse is to appeal or seek relief from the custody orders/decisions in the state appellate courts, and to pursue any related constitutional claims in the state courts. Importantly, in finding that this federal case should be dismissed, the court expresses no opinion regarding the merits of plaintiffs' claims concerning the custody of their children.

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record shows that plaintiffs would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend in this case would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend.
2. Plaintiffs' motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: May 26, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE